# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| NICOLE RENEE BENTON, | ) | CASE NO. 4:22-cv-682 |
| | ) | |
| | ) | |
| PLAINTIFF, | ) | JUDGE SARA LIOI |
| | ) | |
| vs. | ) | |
| | ) | MEMORANDUM OPINION AND |
| | ) | ORDER |
| COMMISSIONER OF SOCIAL | ) | |
| SECURITY, | ) | |
| | ) | |
| DEFENDANT. | ) | |

Plaintiff Nicole Renee Benton ("Benton" or "plaintiff") appeals from the final decision of defendant Commissioner of Social Security ("Commissioner" or "defendant"), denying her applications for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI"). The matter was referred to Magistrate Judge James E. Grimes Jr. for the preparation of a Report & Recommendation ("R&R"). The R&R recommends that the Court affirm the Commissioner's decision. (Doc. No. 14.) Plaintiff has filed objections to the R&R (Doc. No. 15), and the Commissioner has filed a response. (Doc. No. 16.) Upon *de novo* review and for the reasons set forth below, the Court overrules the objections, accepts the R&R, and dismisses the case.

## I.   BACKGROUND

Benton filed her applications for benefits on October 15, 2019. (Doc. No. 8 (Administrative Transcript), at 198,[1] 205.) She alleged disability beginning August 28, 2018 due to congestive

---

[1] For convenience, citations to the administrative transcript use the bates numbers in the transcript; all other page number references herein are to the consecutive page numbers applied to each individual document by the Court's electronic filing system.

heart failure, hypertension, lung issue, lymphedema, morbid obesity, depression, anxiety, and atypical cells in her left breast. (*Id*. at 198, 205, 237.) The applications were denied initially, and upon reconsideration. Benton requested a hearing before an Administrative Law Judge ("ALJ"). The hearing was conducted on November 13, 2020. Given the circumstances surrounding the COVID-19 pandemic, Benton, her attorney, the ALJ, and the hearing witnesses participated in the hearing via video conferencing. The hearing transcript is in the record. (*Id*. at 41–72.)

On January 15, 2021, the ALJ issued her decision. (*Id*. at 15–36.) The ALJ found that plaintiff had severe impairments of "chronic congestive heart failure (CHF), chronic lymphedema of the bilateral lower extremities, and obesity[.]" (*Id*. at 18.) But the ALJ also determined that these impairments did not meet or equal the severity of any one of the listed impairments in the Social Security regulations, and that Benton retained the residual functional capacity ("RFC") to perform a range of light duty work with specific limitations. (*Id*. at 23–33.) The ALJ concluded that Benton could perform her past relevant work as a laboratory clerk, and she could also perform a significant number of jobs existing in the national economy and was, therefore, not disabled. (*Id*. at 33–36.)

Benton timely filed the instant action, seeking judicial review. Benton, represented by counsel, filed a brief on the merits (Doc. No. 10), the Commissioner filed a response brief on the merits (Doc. No. 11), and Benton filed a reply brief. (Doc. No. 13.) On November 28, 2022, the magistrate judge issued his R&R, recommending that the Commissioner's decision be affirmed because the ALJ applied the appropriate legal standards and the decision was supported by substantial evidence.

### II. DISCUSSION

#### A. Standard of Review

This Court's review of the magistrate judge's R&R is governed by 28 U.S.C. § 636(b), which requires a *de novo* decision as to those portions of the R&R to which objection is made. "An 'objection' that does nothing more than state a disagreement with a magistrate's suggested resolution, or simply summarizes what has been presented before, is not an 'objection' as that term is used in this context." *Aldrich v. Bock*, 327 F. Supp. 2d 743, 747 (E.D. Mich. 2004); *see also* Fed. R. Civ. P. 72(b)(3) ("[t]he district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to[]"); Local Rule 72.3(b) (any objecting party shall file "written objections which shall specifically identify the portions of the proposed findings, recommendations, or report to which objection is made and the basis for such objections[]").

Judicial review is limited to a determination of whether the ALJ applied the correct legal standards and whether there is "substantial evidence" in the record as a whole to support the decision. 42 U.S.C. § 405(g); *Kyle v. Comm'r of Soc. Sec.*, 609 F.3d 847, 854–55 (6th Cir. 2010). "Substantial evidence is less than a preponderance but more than a scintilla; it refers to relevant evidence that a reasonable mind might accept as adequate to support a conclusion." *Gentry v. Comm'r of Soc. Sec.*, 741 F.3d 708, 722 (6th Cir. 2014) (citing *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007)).

A reviewing court is not permitted to resolve conflicts in evidence or to decide questions of credibility. *DeLong v. Comm'r of Soc. Sec. Admin.*, 748 F.3d 723, 726 (6th Cir. 2014); *Bass v. McMahon*, 499 F.3d 506, 509 (6th Cir. 2007). Nor need the reviewing court necessarily agree with the Commissioner's determination in order to affirm it. "Even if [the] Court might have reached a

contrary conclusion of fact, the Commissioner's decision must be affirmed so long as it is supported by substantial evidence." *Kyle*, 609 F.3d at 854–55. This is true even if substantial evidence also supports the claimant's position. *See McClanahan v. Comm'r of Soc. Sec.*, 474 F.3d 830, 833 (6th Cir. 2006); *Buxton v. Halter*, 246 F.3d 762, 772 (6th Cir. 2001) ("The findings of the Commissioner are not subject to reversal merely because there exists in the record substantial evidence to support a different conclusion.")

Even when there is substantial evidence, however, "'a decision of the Commissioner will not be upheld where the [Social Security Administration] fails to follow its own regulations and where that error prejudices a claimant on the merits or deprives the claimant of a substantial right.'" *Rabbers v. Comm'r of Soc. Sec. Admin.*, 582 F.3d 647, 651 (6th Cir. 2009) (quoting *Bowen v. Comm'r of Soc. Sec.*, 478 F.3d 742, 746 (6th Cir. 2007)). Likewise, a court "cannot uphold an ALJ's decision, even if there 'is enough evidence in the record to support the decision, [where] the reasons given by the trier of fact do not build an accurate and logical bridge between the evidence and the result.'" *Fleischer v. Astrue*, 774 F. Supp. 2d 875, 877 (N.D. Ohio 2011) (quoting *Sarchet v. Chater*, 78 F.3d 305, 307 (7th Cir. 1996); and citing *Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 544–46 (6th Cir. 2004) (finding it was not harmless error for the ALJ to fail to make sufficiently clear why he rejected the treating physician's opinion, even if substantial evidence not mentioned by the ALJ may have existed to support the ultimate decision to reject the treating physician's opinion)).

### B. Plaintiff's Objections and Analysis

In her first objection, Benton takes issue with the determination in the R&R that the ALJ considered the records from Valley Counseling. (Doc. No. 15, at 2 (citing Doc. No. 14, at 16–17).)

She complains that the ALJ only relied on the consultative examination that took place in November 2019 and the initial evaluation on April 6, 2020. (*Id.* (citing Doc. No. 8, at 105, 112, 307–12, 377–84).) Specifically, Benton charges that the ALJ failed to consider the treatment notes from the biweekly counseling sessions subsequent to April 6, 2020. (*Id.*) This was error, according to Benton, because the subsequent treatment sessions documented "anxious distress with a depressive component." (*Id.* (citing Doc. No. 8, at 546, 550, 554, 558, 562, 566, 570, 574, 578, 582, 586, 590, 594).) Had the ALJ properly considered these treatment notes, Benton continues, she would have rejected the state agency reviewers' opinions—which were rendered before Benton sought treatment at Valley Counseling—that found Benton's psychological impairments were not severe. (*Id.*)

Benton is mistaken, as the magistrate judge correctly determined that the ALJ properly considered the treatment notes from the biweekly counseling sessions. In her decision, the ALJ specifically referenced the "bi-weekly counseling sessions *through early October 2020*[.]" (Doc. No. 8, at 21 (emphasis added)). The ALJ acknowledged that the notes from these sessions "do indicate some ongoing anxiousness under current circumstances [surrounding the COVID-19 pandemic] as well as connected with specific situational stressors in her personal life, particularly revolving around stressors relating to her father's failing health and problematic behaviors of a sister[.]" (*Id.* (collecting cites from the administrative record).) Nevertheless, the ALJ concluded that,

> The 2020 counseling notes are not suggestive of significant anxiety or mood-related symptoms that transcend specific situational stressors in [Benton's] personal life and, in turn, that would cause any significant limitation in her ability to perform basic mental work-related activities.

(*Id.*)[2] Because the ALJ clearly considered the treatment notes, as well as the fact that the state agency reviewers' opinions were rendered prior to the counseling sessions, Benton's first objection is overruled.[3] *See Kepke v. Comm'r of Soc. Sec.*, 636 F. App'x 625, 632 (6th Cir. 2016) (holding that an ALJ may rely on state agency reviewers' opinions when those reviewers did not review the entire record, so long as the ALJ acknowledges that fact).

In her second objection, Benton alleges that the magistrate judge erroneously found that the ALJ properly determined that "the only evidence supporting the fact that [Benton] needed to elevate her legs [throughout the day while sitting] was [Benton's] testimony."[4] (Doc. No. 15, at 3 (citing Doc. No. 14, at 22).) Benton notes that "[i]t was uncontroverted, however, that [Benton] had documented lymphedema in her lower extremities." (*Id.*) She insists that "[f]ailure to account for [Benton's] documented edema [in the RFC] was in error necessitating a remand of this matter." (*Id.*)

Though Benton provides citations to the record documenting medical providers noting *edema* and/or *lymphedema*, she cites no evidence in the record of any medical opinion that she should elevate her legs to relieve the swelling. Both the ALJ and the magistrate judge correctly

---

[2] In declining to find Benton's psychological impairments severe, the ALJ also relied on Benton's own responses to the Function Report. The ALJ noted that Benton expressed no difficulties in performing activities of daily living because of any psychologically based symptom, and further noted that Benton's report of her activities outside the home demonstrated that she experienced no difficulties leaving her home because of anxiety. (*Id.* (citing administrative record).) *See e.g., A.H. v. Comm'r of Soc. Sec.*, No. 2:20-cv-5482, 2022 WL 345184, at *5–8 (S.D. Ohio Feb. 4, 2022) (ALJ properly relied, in part, on claimant's own report of her personal activities in finding that her depression was not severe).

[3] The ALJ also noted that Benton's counselor observed that her client's mood improved during several therapy sessions, and that she had "shown moderate progress with cognitive behavioral therapy[.]" (*Id.* (citing administrative record).) The two therapy sessions the ALJ cited occurred on June 5, 2020 and August 25, 2020, providing further evidence that the ALJ considered the notes Benton now claims the ALJ ignored. (*Id.*)

[4] At the hearing, Benton testified that the swelling in her legs was helped when her legs were elevated above her heart. (Doc. No. 8, at 56.) She indicated that she spends at least 70% of her waking hours with her feet elevated in that fashion. (*Id.*) Even with this elevation, however, she reported that the swelling did not go away. (*Id.* at 57.)

noted that the only medical source to address the need to elevate the legs was the occupational therapist, but the ALJ also observed that the occupational therapist concluded that leg elevation did not relieve the symptoms. (*See* Doc. No. 14, at 21–22 (citing Doc. No. 8, at 29–30).) The ALJ also underscored that the occupational therapist made these observations at a time when Benton was not compliant with taking her medications, and that, when she did take her medication as prescribed, Benton reported that the swelling was "much better[.]" (Doc. No. 8, at 29 (citing administrative record).) The ALJ acknowledged Benton's hearing testimony regarding the need to elevate her legs. (*See id*. at 25.) Nevertheless, she discounted it, noting that if the swelling was as severe as Benton reported, the record would reflect more office visits to her physician to address the problem and "more documentation relating to the decongestive therapy sessions." (*Id*. at 29–30.)

The Court finds no error in the magistrate judge's representations regarding the record evidence, and no error in the ALJ's decision to omit from the RFC a requirement that Benton elevate her legs throughout the workday. None of the record cites provided by Benton in her objections contain medical evidence of a need to elevate her legs. While these records document edema and/or lymphedema, no medical source opines that this condition must be treated with sustained leg elevation. *See Stephenson v. Comm'r of Soc. Sec*., 635 F. App'x 258, 263 (6th Cir. 2015) (finding that despite record evidence of edema, ALJ did not err in omitting claimant's need to elevate her leg because claimant failed to point "to any evidence in the record that notes the requirement to elevate her leg throughout the day"); *Morgan v. Berryhill*, No. 16-1141, 2017 WL 4280787, at *7 (D. Md. Sept. 27, 2017) (rejecting similar argument when claimant "point[ed] to no evidence in the record of any medical opinion that she should elevate her legs above her heart").

Further, the ALJ was not required to accept Benton's testimony regarding her subjective complaints and her lay opinion that leg elevation was required. An ALJ is expected to consider those complaints in the context of the objective medical evidence, information from medical and non-medical sources, treatment received, and other evidence. SSR 16-3p, 2017 WL 5180304, at *5–8. It is evident from the record, however, that the ALJ properly evaluated all of the relevant evidence. While Benton believes that the ALJ should have interpreted these records and her own testimony in such a way so as to fashion a more restrictive RFC, the ALJ's conclusions are supported by substantial evidence. *See, e.g., Hickerson v. Comm'r of Soc. Sec. Admin.*, No. 3:20-cv-1678, 2021 WL 8342806, at *15 (N.D. Ohio Nov. 3, 2021) (finding that ALJ did not err in failing to include restriction that claimant elevate her legs to treat her edema where "the only evidence in the administrative record that [was] offered to support [such a restriction] was [claimant's] own testimony"). So long as the ALJ's conclusions are supported by substantial evidence, the Court must affirm the Commissioner's decision, even if there is substantial evidence supporting the opposite conclusion as well. *See Jones v. Comm'r of Soc. Sec.*, 336 F.3d 469, 477 (6th Cir. 2003). Because the ALJ's analysis of the record was sufficient to support her determinations under a substantial evidence standard, the Court may not overturn the ALJ's decision. Benton's second objection is overruled.

### III. CONCLUSION

For the reasons discussed above, plaintiff's objections to the R&R are overruled. The R&R is accepted. Because the Commissioner's decision to deny DIB and SSI is supported by substantial evidence, the decision is affirmed and this case is dismissed with prejudice.

**IT IS SO ORDERED.**

Dated: March 15, 2023

**HONORABLE SARA LIOI**
**UNITED STATES DISTRICT JUDGE**